**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

FADQA SHAKIR,                                             Case No. 1:12-cv-662

        Plaintiff,                                 Barrett, J.
                                                                  Bowman, M.J.

    v.

PATRICK R. DONAHOE, Postmaster General, et al.,

        Defendants.


**REPORT AND RECOMMENDATION**

On August 30, 2012, Plaintiff initiated this employment discrimination case against the Postmaster General and two additional Defendants.[1] On December 10, 2012, Defendant Donahoe filed a motion to dismiss Plaintiff's complaint on grounds that, while Plaintiff admittedly filed an Equal Employment Opportunity Complaint proceeding that alleged disability discrimination,[2] the instant complaint alleges age discrimination – a claim as to which Plaintiff has not administratively exhausted. (Doc. 8).

S.D. Ohio Civ. R. 7.2(a)(2) provides that a memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the

---

[1] The record reflects that summons forms were returned as executed for all three identified Defendants, including Brad Burger and Tawila Swabie, but Defendants Burger and Swabie have neither filed a timely answer nor moved to dismiss.

[2] Defendant issued a final Agency Decision that concluded that Plaintiff's EEO complaint for disability discrimination would be subsumed into a pending, accepted class action suit against Defendant

certificate of service attached to the Motion." On January 18, 2013, the undersigned entered an Order noting that "[a]lthough more than 21 days have passed since the date of service of the Defendant's motion, Plaintiff has not filed a response." Therefore, the Court directed Plaintiff to "**TO SHOW CAUSE**, in writing on or before **February 10, 2013**, why the Defendant's motion to dismiss (Doc. 8) should not be construed as unopposed and granted for the reasons stated. Failure to timely comply with this Order will result in a Report and Recommendation to the District Judge that the pending motion be granted." (Doc. 9).

On February 12, 2013, Plaintiff filed two separate documents in response to the Court's last Order to Show Cause. In her first response, (Doc. 10), Plaintiff explained that she was actively seeking the assistance of an attorney, that she had spoken to two attorneys about her claim(s), and that she was seeking an extension of thirty (30) days in order to secure counsel who could respond to the Defendant's motion on her behalf. In the second response (Doc. 11), Plaintiff explained that she had not yet been able to secure legal representation, although she was continuing to attempt to do so. The second response also stated that it is "with deepest regrets that at this time without legal or professional representation I cannot move forward."

On February 20, 2013, this Court entered an order in which it liberally construed Plaintiff's two responses to the Court's first "show cause" order. The Court noted that Plaintiff's responses indicated a litigant who was both literate and articulate, but who, apparently, was continuing to seek legal counsel to represent her. However, the second response also implied that Plaintiff planned to voluntarily dismiss her lawsuit

---

regarding similar allegations. (See Doc. 8-1 at 3, citing Doc. 8-3 at 16-18).

due to her failure to secure legal counsel.  Based on Plaintiff's responses to its first "show cause" order, the Court issued a "FINAL ORDER TO SHOW CAUSE" that instructed Plaintiff that in order to continue this litigation, she must show cause "in writing on or before **March 28, 2013**, why the Defendant's motion to dismiss (Doc. 8) should not be construed as unopposed and granted for the reasons stated." (Doc. 12). The Court further explained to Plaintiff that if she wished to dismiss her lawsuit voluntarily, "she should clearly indicate that intention in her response to this Order." Last, the Court warned Plaintiff that her failure to respond by March 28 "will result in a Report and Recommendation to the District Judge that the pending motion be granted and/or that this case be dismissed with prejudice for failure to prosecute." (*Id.*).

Plaintiff has failed to timely respond to the Court's last order.  In addition, the record reflects that on March 21, 2013, mail sent to Plaintiff was returned to this Court as unclaimed/unable to forward.  Both as an express condition included in the Order granting Plaintiff leave to proceed *in forma pauperis* (Doc. 2 at 2), and as an implicit requirement of the Federal Rules of Civil Procedure, Plaintiff was required to keep this Court apprised of her current address.  Her failure to do so provides independent grounds for the dismissal of this case.

Accordingly, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 8) be granted, and that this case be **DISMISSED** for the reasons stated in the pending motion.  In addition, this case should be dismissed based upon Plaintiff's failure to comply with the Court's "show cause" order and failure to prosecute, including her failure to keep this Court apprised of her current address.  Upon dismissal, the case should be stricken from the active docket and closed.

3

                                               *s/ Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FADQA SHAKIR,                                              Case No. 1:12-cv-662

       Plaintiff,                                           Barrett, J.
                                                                       Bowman, M.J.

      v.

PATRICK R. DONAHOE, Postmaster General, et al.,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).